IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SA RA R. ALI-BEY | ) | CASE NO. 1:10CV1689 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MOUNTAINEER TITLE AGENCY, et al | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Sa Ra R. Ali-Bey filed this action under the Court's maritime jurisdiction,

28 U.S.C. § 1333 and commerce and anti-trust jurisdiction, 28 U.S.C. §1337, against defendants

Mountaineer Title Agency ("MTA"), U.S. Bank N.A., 8997 Chinaberry Circle North, Macedonia,

Ohio, and Countrywide Home Loans. He alleges that he had a written agreement with MTA that his

property would be consideration for closing of the escrow account for the purchase of Chinaberry.

On November 24, 2008, MTA transported his property on the roadways of Cleveland, Ohio and

delivered it to U.S. Bank for conversion to the escrow account.[1]  Plaintiff's property was allegedly

never returned. He asserts that the loss of Chinaberry was caused by negligence. Moreover, the

property was stored in a manner that subjected it to loss.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989);

---

[1] Plaintiff does not comment on the nature of Chinaberry, i.e., whether it is real estate or a boat.

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

> 46 U.S.C. § 740 provides:
> The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damages or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

*See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 532 (1995).  In order to prove jurisdiction, a plaintiff must show that a tort occurred on navigable water or that an injury on land was caused by a vessel on navigable waters. The test is met only where the wrong bears a significant relationship to traditional maritime activity. *Id.* at 533. Plaintiff has not shown any connection to injury occurring on navigable waters or any other type of tort relating to water. Therefore, any claim under maritime law fails.

Plaintiff asserts a violation of 28 U.S.C. § 1337 which provides jurisdiction under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Since he has not asserted any such causes of action or alleged any facts relating to restraints on trade and/or monopolies, this Court has no jurisdiction under § 1337. *See Stubbert v. Rampino*, 2005 WL 1458064 * 2 (E.D. Tenn., Jun. 20, 2005).

Plaintiff's claim, if any, appears to arise under state law in which case this Court would have jurisdiction only if diversity of citizenship exists. 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
>> (1) citizens of different states;...

2

A fundamental requirement of diversity jurisdiction is that there be complete diversity between or among the parties, meaning that no party share citizenship with any opposing party. *Caudill v. North American Media Corp.,* 200 F.3d 914, 916 (6th Cir.2000). Even if any Defendant is a citizen of another state or country, Plaintiff and at least one Defendant are Ohio residents. Thus, this Court lacks jurisdiction over this matter.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: September 30, 2010

Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

3